IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COZEN O'CONNOR, P.C., )
          )
    Plaintiff, )
          )
v. ) No. 05 C 5264
          )
ASPERGER CARAHER LLC, )
          )
    Defendant. )

## MEMORANDUM ORDER

Asperger Caraher LLC ("Company") has noticed up for presentment on October 28 its Motion To Dismiss For Failure To Join Indispensable Parties. Because the motion is based on its counsel's misconceptions of both (1) the concept of indispensable parties and, more importantly, (2) the principles of federal diversity jurisdiction, it is denied before presentment.

To begin with, the claimed indispensable parties--Jeffrey Asperger ("Asperger") and Kevin Caraher ("Caraher")--had earlier chosen to practice law through Company (their limited liability company)--as Complaint ¶4 states:

> Prior to November 12, 2004, Jeffrey Asperger and Kevin Caraher were attorneys engaged in the practice of law as the sole shareholders of defendant Asperger Caraher.

Although they then decided to dissolve Company in November 2004 (Complaint ¶5), it is Company (and not Asperger and Caraher individually) that has assertedly continued to claim attorney's liens as to certain of Company's clients that have since asked to be represented by plaintiff Cozen O'Connor, P.C. ("Cozen

O'Connor"), a professional corporation with which Caraher has since chosen to be affiliated.

Thus the dispute at issue in this action is indeed between Cozen O'Connor and Company, as the Complaint claims. Just where Company's counsel get the idea that either of its former shareholders should be aligned on Cozen O'Connor's side of the case, thus assertedly destroying diversity, is a mystery.[1]

Accordingly, as stated at the outset of this memorandum order, Company's motion is denied out of hand. It is ordered to answer the Complaint on or before October 31, and the previously established initial status hearing date at 9 a.m. November 9, 2005 will remain in effect.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 24, 2005

---

[1] Indeed, if Asperger and Caraher individually were to be named as defendants on the premise that the shareholders rather than Company are the real parties in interest in the claimed attorney's liens by reason of Company's dissolution, diversity jurisdiction would continue to exist: Pennsylvania citizen Cozen O'Connor would be on the plaintiff's side of the "v.," and Illinois citizens Asperger and Caraher would be on the defendants' side.

2