IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COZEN O'CONNOR, P.C.,              )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   No.  05 C 5264
                                    )
ASPERGER CARAHER LLC,               )
                                    )
                Defendant.          )

## MEMORANDUM ORDER

After having struck out on two unsuccessful (because meritless) motions to dismiss the Complaint brought against it by Cozen O'Connor, P.C. ("Cozen O'Connor"), Asperger Caraher LLC ("Company") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint. This sua sponte memorandum opinion and order is triggered by some problematic aspects of that responsive pleading that require correction.

To begin with, the Answer is shot through (Answer ¶¶3, 12, 19, 21, 28, 29, 36 and 44) with denials of Cozen O'Connor's corresponding allegations on the ground that each "states a legal conclusion to which no response is required." Even apart from the facial inconsistency that is posed by any denial on that premise, the premise itself is dead wrong--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly all those paragraphs of the Answer are stricken, and Company is ordered to provide substantive answers to the corresponding allegations in the amended pleading

hereafter called for.

Next, even though (unlike all too many lawyers) defense counsel is meticulous in tracking the disclaimer set out in the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the basis for getting the benefit of a deemed denial of many of Cozen O'Connor's allegations (see App. ¶1 to State Farm), counsel inexplicably follows each such disclaimer (Answer ¶¶6, 7, 8, 16, 43 and 58) with the phrase "and, therefore, denies same." Any such denial if Company is indeed "without sufficient knowledge or information to form a belief as to the truth of the allegations" is oxymoronic. That phrase is stricken from each of the paragraphs where it appears.

Finally as to the Answer, its Paragraph 42 satisfies neither the first nor the second sentence of Rule 8(b). If Company cannot assert the necessary disclaimer to the allegation in Complaint ¶42 in objective good faith, it must answer that allegation on the merits.

As for the ADs:

1. AD 1 fails to satisfy the federal requirement of notice pleading, which applies with equal force to defendants as well as to plaintiffs. It will not do for Company to set out one of the legal concepts that are included in Rule 8(c) without fleshing out its assertion sufficiently to apprise opposing counsel and this Court of

2

the basis for such assertion. Company will be expected to do so in its Amended Answer.

2. AD 3 advances a needless (and really meaningless) reservation as to the possibility of its advancing future ADs. If that were indeed to occur, this Court would of course have the obligation to determine the timeliness and propriety of any such later assertion, so that an attempted reservation at this time is without force.

Because the number of aspects of the current pleading that need correction would, if handled by an amendment to the existing Answer (as contrasted with a self-contained Amended Answer), create a patchwork pleading, Company's counsel is ordered to file such a self-contained Amended Answer on or before December 16, 2005. No charge is to be made to Company by its counsel for the added work and expense incurred in correcting counsel's errors identified here. Company's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2005