IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COZEN O'CONNOR, P.C.,       )
                            )
            Plaintiff,      )
                            )
      v.                    )   No.  05 C 5264
                            )
ASPERGER CARAHER LLC,       )
                            )
            Defendant.      )

## MEMORANDUM ORDER

After learning that the parties' settlement efforts with the assistance of Magistrate Judge Nan Nolan had ended unsuccessfully, this Court accelerated the previously-scheduled July 24, 2006 status hearing date so that the future course of the litigation could be addressed more promptly. During the reset July 12 status hearing the parties reported on the posture of their discovery progress, including the scheduling of the deposition of Kevin Caraher on July 28, as a result of which this Court set a next status hearing date of August 3.

In doing so, however, this Court neglected to address--as it had planned to do at the first appropriate opportunity--the pendency of what plaintiff's counsel had labeled its Motion for Partial Summary Judgment (likely a misnomer for a motion that might more appropriately have been submitted under the rubric of Fed. R. Civ. P. 16 [1]). That motion has lain fallow since its

---

[1] Indeed, the likelihood of such a misnomer is tipped off by the fact that the opening paragraph of the motion expressly seeks "an Order, pursuant to Rule 56(d) of the Federal Rules of

March 1, 2006 filing, because the parties' efforts to resolve the case before trial had caused this Court to depart from its normal practice of setting a briefing schedule promptly after any motion calling for such input is submitted.

It makes no sense to keep such a dormant motion in place, particularly when the dynamics are almost certain to change with further discovery. This Court accordingly denies the motion--without prejudice, of course. If future developments are such as to call, in plaintiff's view, for the resubmission of a comparable motion, its counsel need not redo the paperwork entirely: If counsel so choose, it will suffice for them to incorporate by reference the still-appropriate portions of the earlier motion and to supplement those to the extent necessary.

                                        */s/ Milton I. Shadur*
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: July 13, 2006

---

Civil Procedure." But by its own terms Rule 56(d) itself is not properly the ground for a summary judgment motion, rather than spelling out a possible collateral consequence of an unsuccessful motion under Rule 56(a) or 56(b).